## ISHAM WILLIAMS v. THE STATE.

### No. 3247.   Decided March 15, 1905.

**1.—Local Option—Requested Charge—Sale.**

Where the evidence was not direct that defendant let the alleged purchaser have the whisky, in a trial for a violation of the local option law, the court should have given the requested charge that before the jury could convict the defendant, they must believe beyond a reasonable doubt that defendant either gave the whisky to said alleged purchaser or caused it to be done, as otherwise no sale was shown.

**2.—Same—Argument of Counsel—Defendant as a Witness.**

Where the State's counsel in his remarks to the jury alluded indirectly to the failure of the defendant to testify as a witness, the judgment must be reversed.

Appeal from the County Court of Hunt.   Tried below before Hon. F. M. Newton.

Appeal from a conviction of a violation of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an appeal from a local option conviction. The sale is charged to have been made to Popperwell. He stated that on or about the 3rd of March, 1904, appellant received $1 from him, saying he thought he could get him some whisky at the express office; that he understood he (witness) was to get a quart of whisky for the dollar; that he saw the negro pass Strawn's store afterwards with a box; that he passed out of sight and witness did not know what was in the box. Later, in the back end of Strawn's store, he saw an open box, but could not say it was the same box, with some bottles of whisky in the box or by it. That he took a bottle of the whisky, either out of the box or from the side of the box, he could not remember which; that the negro (appellant) and a number of other men were standing around. He stated he could not testify that the negro handed him the whisky or that the negro told him that it was the whisky for the dollar that he gave him. Nor did witness know who opened the box. "Witness was asked if the negro made the proposition that he could get the whisky before he (witness) told the negro that he wanted some, and witness said he naturally supposed he was the one that approached him on the subject." What is meant by this statement is not comprehensible. As to which one made the proposition should have been made clear. But it cannot be told from the above statement.

Horne testified he was in the habit of hiring the defendant or any other negro who happened to be close at hand to carry packages of his whisky from the express office to wherever he directed it to be taken, where witness would meet his friends and they would drink the whisky; that he took this course to avoid being seen carrying the whisky about the street; that he never went with the negro carrying the whisky, but sent him around a back way. He did not remember the exact date when the package in question was carried. Had no suspicion and no cause for any, that defendant opened the package before witness got there, or that defendant appropriated any of the whisky to himself or disposed of it to others. If he had such suspicion he says, "he would have raised sand with the negro." About that time, this witness was drinking a great deal, and had numerous friends, who were ready to drink with him, when the package was opened. He generally got a gallon of whisky in the package, either in a jug or four quart bottles. He did not remember the number of bottles that came on the occasion in question; nor did he remember that the negro handed him any money. He always ordered his own whisky, and paid for it himself. Always paid the C. O. D. charges himself, and signed for the package, and no one ever paid for him or signed his name; that he remembered hiring the negro to carry whisky, and considered the matter with the negro closed when the package was deposited at the place he designated; that he would not have considered it proper for the negro to open the package without his direction, and so far as he knew he did not open it. Witness said along about that time he drank a great deal, and sometimes got drunk "as a biled owl."

Harris testified that he was an employee of the American Express Company at Greenville at the time of this occurrence; that witness Horne paid for and took out of the express office a package consigned to Horne, C. O. D. It was in the back end of the office, and Horne gave defendant the package and he carried it out the back door. Horne went out the front door. Jack Johnson testified that about the time named in the information, he and Popperwell each got a quart of whisky in the back end of Strawn's store in the presence of defendant and others. He did not remember seeing Horne at the time. Witness understood that the bottle of whisky he got was for the dollar he had given defendant. This is the entire case on the facts.

The court charged the jury to the effect that, if they believed appellant sold the whisky to Popperwell, they would find him guilty. The appellant requested an instruction to the effect that the jury would consider Jack Johnson's testimony to the effect that he gave defendant $1 to get him whisky only so far as it would tend to establish the fact that at the same time defendant sold intoxicating liquors to Popperwell, and for no other purpose. This charge was given.

Appellant requested another instruction, in substance: that before the jury could convict defendant on the testimony of Popperwell that he got the bottle of whisky under the circumstances detailed by him,

they must believe beyond a reasonable doubt that defendant after receiving the $1 from Popperwell either gave the whisky to Popperwell or caused it to be done, otherwise they would acquit. Under the facts of this case this charge should have been given. There is no direct evidence that defendant let Popperwell have the whisky. There seems to be but two facts upon which the State could rely; first, that Popperwell had given appellant $1 to get a bottle of whisky; and second, that he, with others, were standing at or near the open box where Popperwell got a bottle of whisky. Before appellant could be convicted the facts must show a sale by him to Pepperwell.

During the closing argument for the prosecution, the county attorney commented on the failure of the defendant to explain where the money went that Popperwell gave him (defendant) and said this testimony was in the possession of the defendant alone. To which remarks, counsel for defendant excepted, because it was a comment upon the failure of the defendant to testify in his own behalf. This statement in the bill is unqualified. This was error. This question has been so frequently discussed and cases reversed upon it, that it does not need comment here. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.